HUDSON AND MANHATTAN RAILROAD COMPANY ET AL., PROSECUTORS, v. CITY OF JERSEY CITY, DEFENDANT.

Argued January 15, 1946—Decided September 18, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor Hudson and Manhattan Railroad Company, *Carpenter, Gilmour & Dwyer.*

For the prosecutors Guardian Life Insurance Company and Palor Estates, Inc., *John Warren.*

For the defendant, *Charles A. Rooney (Charles Hershenstein, Arthur C. Mullen* and *John F. Lynch, Jr.,* of counsel).

The opinion of the court was delivered by

COLIE, J.   These matters are interrelated with cases Nos. 254 and 255 of the January term, 1946, in which writs of *certiorari* were this day allowed.

The City of Jersey City, feeling aggrieved by the action of the Hudson County Board of Taxation in dismissing all of its appeals from the assessments for the years 1943, 1944 and 1945 and desiring to prosecute further appeals to the Division of Tax Appeals, passed two resolutions.   The resolution of November 20th, 1945, directed and authorized the Director of Revenue and Finance of Jersey City "to file appeals with the Division of Tax Appeals   *   *   *   from the dismissal by

the Hudson County Board of Taxation of appeals * * * from the 1945 assessments * * * as corrected, revised and equalized * * * with respect to the properties shown on a list appended to a letter of Director Potterton * * * dated November 15th, 1945." The resolution passed on December 18th, 1945, was of the same tenor but dealt with the revised assessments for the years 1943 and 1944.

Reference to the exhibits before the court discloses that the list appended to Commissioner Potterton's letter of November 15th, 1946, covers 876 properties and in the covering letter, he writes: "As a result of my study and investigation it is my conclusion that the city should proceed to a final judicial determination, the valuations of the properties shown on the appended list. You will observe that the list does not include the properties of any home owner or small property owner, no improvement appeal being taken in any case where the assessed valuation of the building is less than $50,000."

Assuming the right of the municipality to seek a judicial review of the action of the County Board of Taxation in dismissing its appeals, there still remains a further question, to wit: Is the classification of the properties as to which appeals were authorized a real or illusory one? It is inferable from the quotation in the letter accompanying the list of 876 properties, that all properties of a "home owner," or a "small property owner" where the improvement assessment is less than $50,000 is excluded.

We are of the opinion that it is a debatable question as to whether the standard of inclusion is a reasonable one.

Writs of *certiorari* will be allowed to review the challenged resolutions.